**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NNAMDI REGINALD OKEKE,
<u>Petitioner,</u>

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
<u>Respondent.</u>

No. 95-2559

On Petition for Review of an Order
of the Immigration and Naturalization Service.
(A29-695-906)

Submitted: May 7, 1996

Decided: May 22, 1996

Before MURNAGHAN, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thanos Kanellakos, Baltimore, Maryland, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Richard M. Evans, Assistant
Director, Christine Bither, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Nnamdi Reginald Okeke, a native and citizen of Nigeria, appeals from a Board of Immigration Appeals ("BIA") order that denied his request for an extension of time to file his application for adjustment of status and denied his motion to reopen. Because we find that the record supports the BIA's denial of permission to file out of time and that the BIA did not abuse its discretion in denying Okeke's motion to reopen, we affirm the BIA's order.

I.

At his deportation hearing, Okeke conceded deportability but requested time to file an application to adjust his status to that of a lawful permanent resident based on his marriage to a United States citizen. The Immigration Judge ("IJ") granted him until November 25, 1992,[1] to file his adjustment application.

In a memorandum to the IJ dated November 10, 1992, Okeke, through his attorney, requested an additional thirty days to file the application. Counsel asserted that he

> had some difficulty in getting Mrs. Sharon Okeke to visit [his] office to sign Form I-130. [He also claimed that his] client . . . need[ed] more time to have the medical examination performed and to have the necessary photos taken.

On November 12, 1992, the clerk of the immigration court returned the motion to Okeke, because it did not have a proposed order attached. However, the clerk's notice that was sent to Okeke incorrectly stated that the motion was being returned for failure to serve the opposing party.

_____

[1] The parties dispute the date on which the adjustment application was due. Although the IJ states in his initial decision that the deadline was November 25, Okeke's counsel asserts that the due date was November 13. The administrative record does not include a transcript of the hearing during which the date was set.

On November 30, Okeke filed a memorandum alleging that the clerk was mistaken in stating that he had not served the INS. However, he did not attach an adjustment application or offer an explanation as to why it had not been filed. On December 2, the IJ found that Okeke had abandoned his application for adjustment of status. The IJ did not address Okeke's motion for an extension, and Okeke did not appeal.

On January 28, 1993, Okeke filed a motion to reconsider, which again did not include either the adjustment application or an explanation as to why it was not attached. Okeke asserted that the clerk's erroneous notice prevented him from timely filing a motion for an extension. The IJ denied the motion for reconsideration, finding that Okeke had failed to posit a satisfactory explanation warranting an extension. The IJ further found that, because Okeke still had not filed his adjustment application, there was nothing to reconsider and the application was properly found to have been abandoned.

Okeke appealed that decision to the BIA and moved to reopen his case based on the adjustment application which he submitted with his appeal. Okeke contended that the IJ abused his discretion by not permitting Okeke to file his application out of time when a clerical mistake had caused confusion. The BIA dismissed the appeal and denied the motion to reopen, finding that Okeke's visa petition was incomplete and he was therefore not prima facie eligible for adjustment of status.

Okeke filed a timely petition for review with this court. He asserts that the BIA abused its discretion by refusing to extend the time period for Okeke to file the required applications and by denying his motion to reopen.

II.

The regulation governing the submission of applications provides:

> [t]he Immigration Judge may set and extend time limits for the filing of applications and related documents and responses thereto, if any. If an application or document is

3

not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived.

8 C.F.R. § 3.31(c) (1995). Because the IJ possesses the power to set time limits, the mere request of an extension does not obligate the IJ to grant one. See Patel v. INS, 803 F.2d 804, 806 (5th Cir. 1986) (submission of a motion for a continuance does not relieve an alien of the obligation to appear at the hearing).

Okeke contends that the BIA improperly affirmed the IJ's denial of his motion to reconsider because a "clerical error" led to the IJ's determination that Okeke had abandoned his application for adjustment of status. However, since it is undisputed that Okeke never attempted to file his application within the time period set by the IJ, the IJ was required to consider his application waived. 8 C.F.R. § 3.31(c).

Furthermore, the clerk's error, at most, caused the IJ to rule before having seen or considered Okeke's timely motion for an extension.[2] Nonetheless, any clerical error was harmless because, on reconsideration, the IJ explicitly stated that Okeke's explanation would not have warranted any further time for filing. Therefore, because Okeke failed to timely file his adjustment application, the IJ did not err in finding that Okeke had abandoned his application.

III.

A motion to reopen should be denied if the movant has not established a prima facie case for the underlying relief sought. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (in banc). We review the BIA's denial of a motion to reopen for lack of prima facie eligibility under an abuse of discretion standard. Id. Denial of a motion to reopen "must be reviewed with extreme deference," since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. Id.

_____

[2] However, in light of the fact that the motion was filed two days before the IJ issued his decision, it appears likely that the IJ fully considered Okeke's motion at that time.

4

By regulation, in order to establish the bona fides of his marital relationship, Okeke was required to submit, <u>inter alia</u>, proof of the legal termination of all of his and his wife's previous marriages. 8 C.F.R. § 204.2(a)(2) (1995). Although the marriage certificate identified both Okeke and his spouse as divorced, neither submitted any legal documents proving that their prior marriages ended in divorce. Furthermore, on appeal, Okeke does not contest the determination that he failed to establish prima facie eligibility for adjustment of status. Therefore, since Okeke did not satisfy the eligibility requirements for a visa, the BIA did not abuse its discretion in denying Okeke's motion to reopen.

IV.

For these reasons, we affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5