**Silvio Martins OLIVEIRA, Petitioner,**

v.

**Eric H. HOLDER,\* Jr., United States Attorney General, Respondent.**

No. 08–2494.

United States Court of Appeals, First Circuit.

Submitted April 30, 2009.

Decided June 4, 2009.

---

\* Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Eric H. Holder, Jr. has been substituted for former Attorney General Michael B. Mukasey as the respondent.

Susan E. Zak for petitioner.

Shelley R. Goad, Senior Litigation Counsel, with whom Michael F. Hertz, Acting Assistant Attorney General, and Barry J. Pettinato, Assistant Director, for respondent.

Before LYNCH, Chief Judge, BOUDIN and STAHL, Circuit Judges.

STAHL, Circuit Judge.

Petitioner Silvio Martins Oliveira seeks review of a Board of Immigration Appeals ("Board") order denying his motion to reopen for adjustment of status. Finding that the Board did not abuse its discretion in reaching its decision, we affirm.

Oliveira, a native and citizen of Brazil, entered the United States in September 1999 with a non-immigrant visitor visa valid through March 25, 2000. Oliveira failed to leave, and on November 9, 2004, the Department of Homeland Security ("DHS") began removal proceedings against him.[1] At various hearings before the immigration judge ("IJ"), Oliveira requested continuances primarily to allow his employer to file a labor certification with the Department of Labor ("Department"). Suffice it to say, the IJ granted several continuances to provide Oliveira with additional time to receive a labor certification.[2] On April 11, 2006, the IJ finally concluded that he would not issue additional continuances "on speculation," further observing that Oliveira had not filed an application for relief from removal. On September 25, 2006, the IJ ordered Oliveira, who conceded removability, removed to Brazil. The Board affirmed the decision, and Oliveira did not file a petition for review of the Board's order.[3]

On June 23, 2008, Oliveira filed a timely motion to reopen with the Board, submitting proof of the Department's labor certi-

---

1. DHS alleged that Oliveira was removable under 8 U.S.C. § 1227(a)(1)(B) as an alien who had remained in the country for a time longer than permitted. Additionally, an investigation by federal agents revealed that Oliveira fraudulently obtained a Social Security number and card.

2. In addition to the continuances granted for Oliveira's pursuit of a labor certification, the IJ granted a continuance at the July 20, 2005, removal proceeding after Oliveira suggested that his son was a lawful permanent resident of the United States. However, at a subse-

quent hearing in November, Oliveira acknowledged that his son could not file an I-130 visa petition on Oliveira's behalf because his son was not a United States citizen.

3. Oliveira's present appeal does not purport to challenge the Board's affirmance of the IJ's order, and even if it did, we would lack the jurisdiction to consider such an argument because Oliveira did not file a timely petition for review after the Board issued its affirmance. See 8 U.S.C. § 1252(b)(1).

fication of Oliveira's application dated July 17, 2007; copies of a prior labor certification filed on April 30, 2001; notice of an approved employment-based third preference "other worker" immigrant visa petition that his employer had filed and that had a priority date of May 24, 2007; and an application for adjustment of status. On October 30, 2008, the Board denied the motion. Noting that only visas with a priority date of January 15, 2003, or earlier were available, the Board held that an employment-based third preference "other worker" visa was not immediately available for Oliveira, thus precluding him from relief under 8 U.S.C. § 1255(a).

■ We review the Board's denial of the motion to reopen for abuse of discretion, *Arias–Valencia v. Mukasey*, 529 F.3d 428, 430 (1st Cir.2008); 8 C.F.R. § 1003.2(a), setting aside a decision only where it rests on an error of law [4] or reflects arbitrary or capricious decision-making, *Palma–Mazariegos v. Keisler*, 504 F.3d 144, 146 (1st Cir.2007). *See Guerrero–Santana v. Gonzales*, 499 F.3d 90, 92 (1st Cir.2007) ("Motions to reopen removal proceedings are disfavored as contrary to 'the compelling public interests in finality and the expeditious processing of proceedings.'") (quoting *Raza v. Gonzales*, 484 F.3d 125, 127 (1st Cir.2007)).

■ We agree with the Board that Oliveira failed to demonstrate one of the threshold requirements for a motion to reopen and hold that the denial of Oliveira's motion therefore was well within the Board's discretion. "A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate applica-

tion for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1). We have observed that the Board may deny a motion to reopen where the petitioner fails to establish prima facie eligibility for the underlying relief sought—here, adjustment of status. *See, e.g., Kechichian v. Mukasey*, 535 F.3d 15, 22 (1st Cir.2008); *Zhang v. INS*, 348 F.3d 289, 292 (1st Cir.2003). To qualify for an adjustment of status under 8 U.S.C. § 1255(a), an alien in Oliveira's position must establish that he is a member of an enumerated class that qualifies for adjustment of status (here, the beneficiary of a labor certification), that he is eligible to receive an immigrant visa, and that the visa is immediately available to him at the time his application is filed. 8 U.S.C. § 1255(i); *see also* 8 C.F.R. §§ 1245.1(g), 1245.2(a)(2).

The BIA found that no visa was immediately available to Oliveira, *see* 8 U.S.C. § 1255(a) (requiring that the applicant have "an immigrant visa ... immediately available to him at the time his application is filed"), such that he could not establish a prima facie case for adjustment of status. Under current law, visa availability is subject to various quotas limiting the number issued per year. *See, e.g.,* 8 U.S.C. §§ 1151(c), 1153(a), 1153(b). Oliveira's visa petition had a priority date of May 24, 2007, but only visas with a priority date of January 15, 2003, or earlier were then currently available. *See* 8 C.F.R. § 1245.1(g)(1) ("An immigrant visa is considered available for accepting and processing ... [if] the preference category applicant has a priority date on the waiting list which is earlier than the date shown in the Bulletin (or the Bulletin shows that numbers for visa applicants in his or her

---

4. Oliveira's application for adjustment of status is subject to the REAL ID Act of 2006, Pub.L. No. 109–13, 119 Stat. 231, which under certain circumstances limits federal court jurisdiction over the denial of a motion to reopen. The Board has not raised the REAL ID Act or its jurisdiction stripping provisions. Nonetheless, we view Oliveira's claim as presenting a question of law as to the interpretation of 8 U.S.C. § 1255, which we have jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(D).

category are current.)"). Thus, the priority date for Oliveira's visa was not current at the time he filed his motion to reopen. *See Conteh v. Gonzales,* 461 F.3d 45, 64 (1st Cir.2006) (affirming Board's finding that alien was statutorily ineligible for adjustment under 8 U.S.C. § 1255(a) where a visa was not immediately available at the time alien proffered his motion to reopen). To suggest, as Oliveira does, that he nevertheless qualifies for adjustment of status because he is eligible for a visa (at some future date) makes superfluous the requirement that the visa be immediately available. *See Alaska Dep't of Envtl. Conservation v. EPA,* 540 U.S. 461, 482 n. 13, 124 S.Ct. 983, 157 L.Ed.2d 967 (2004) (discussing the "cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant") (internal quotation marks and citation omitted).[5] Because the priority date for Oliveira's visa was not current at the time he filed his motion to reopen, the Board did not abuse its discretion in denying the motion.

*The petition for review is denied.*

---

**5.** Oliveira, in largely abstruse terms, asks us to extend the reasoning of several cases in which petitioners were granted adjustments of status, but we agree with the Board that each of these cases is distinguishable. For example, *Matter of Ho,* 15 I. & N. Dec. 692 (BIA 1976), involved a retrogression analysis that has no relevance here. Similarly, an Eleventh Circuit case, *Merchant v. U.S. Atty. Gen.,* 461 F.3d 1375 (11th Cir.2006), is procedurally and factually different from Oliveira's case. In *Merchant,* the court found that an IJ had abused his discretion in denying a continuance where the government conceded the petitioner had satisfied the prima facie case for adjustment of status. 461 F.3d at 1379.

The court observed that the petitioner need not "have the visa in hand" for it to be "immediately available." *Id.* at 1378.

Here, the Board has made no such concession. Instead, noting recent trends in visa availability for Brazilian applicants, it represents that it is unlikely that a visa will be available for Oliveira for many years. Further, we do not review a decision regarding a continuance, the granting of which requires only good cause, *see* 8 C.F.R. §§ 1003.29, 1240.6, but rather consider a Board decision under a more deferential standard, reversing the Board only if its reasoning is arbitrary or capricious.