# United States Court of Appeals
## For the First Circuit

No. 08-2325

LUIS ALONZO CALDERO-GUZMAN,

Petitioner,

v.

ERIC HOLDER, JR.,
United States Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Selya and Ebel,[*]
Circuit Judges.

Robert M. Warren on brief for petitioner.
Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Anthony Wray Norwood, Senior Litigation Counsel, Office of Immigration Litigation and Terri J. Scadron, Assistant Director, United States Department of Justice, Office of Immigration Litigation, on brief for respondent.

June 19, 2009

---

[*]Of the Tenth Circuit, sitting by designation.

**HOWARD**, **Circuit Judge**. Luis Caldero-Guzman ("Caldero"), a national of El Salvador, petitions for judicial review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his motion to reopen his deportation proceedings after an in absentia deportation order was entered against him in 1989. Caldero had hoped to reopen the proceedings so as to adjudicate his application for cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, § 203, 111 Stat. 2160, 2196 (1997), set forth at 8 U.S.C. § 1101 note. Lacking jurisdiction over one of Caldero's claims, and finding no error of law or abuse of discretion in the BIA's disposition of this matter, we dismiss the petition in part, and deny it as to the rest.

## I. BACKGROUND

In 1988, Caldero entered the United States, was detained by the former Immigration and Naturalization Service ("INS"), and was placed into deportation proceedings for having entered the United States without inspection. In April 1989, proceeding pro se, Caldero attended an Immigration Court hearing and was granted a continuance, his second, to allow him additional time to obtain counsel; his hearing was reset for July, 1989, and the record

reflects that he was advised of the new date.[1]  Before the continuance was granted, Caldero signed a written statement attesting, "If a continuance is granted, I will follow the order of the Court and appear on the appointed date, just as I have appeared today for this hearing."  On the appointed date in July, however, Caldero did not appear, and after finding that the INS had proved his deportability (now called removability) by "clear, convincing, and unequivocal" evidence, the Immigration Judge ordered him deported in absentia.  The record reflects that the deportation order was served on Caldero by mail at his last known address, which Caldero himself had supplied at a prior hearing.[2]

In 2003, Caldero filed for relief under NACARA.[3]  In 2004, during an interview with the Department of Homeland Security ("DHS"), Caldero was advised that because he had an outstanding deportation order against him and had missed NACARA's September 11, 1998 deadline for untimely motions to reopen for purposes of

_____

[1]This hearing was not transcribed, but the in absentia deportation order notes that "[t]he respondent was duly notified of the time and place of the hearing," and Caldero has not challenged the fact that he was advised of the new hearing date.

[2]The record evidence contains neither affirmative proof that Caldero received the mailing nor an indication that the mail was returned to the sender.  We note, however, that there is no genuine dispute as to whether a copy of the deportation order was mailed to Caldero at his last known address; Caldero's contention, discussed below, is simply that he was unaware of the outstanding order.

[3]We assume arguendo for purposes of this review that Caldero is eligible for the relief he seeks under NACARA.

obtaining a cancellation of removal, see 8 C.F.R. § 1003.43(e)(1), he could not apply for NACARA relief.

In 2006, Caldero filed the instant motion to reopen the deportation proceedings against him, arguing that he was never provided notice of the in absentia deportation order, and therefore he could not have known that the 1998 deadline applied to him. The motion further argued that his "serious physical and mental health issues," namely, the debilitating effects of the AIDS and Kaposi's Sarcoma diseases with which he has been afflicted since 1995, "require his presence in the United States for continued treatment," and that his health will deteriorate due to lack of appropriate medical care if he is returned to El Salvador. The motion, however, omitted any explanation for his failure to attend the July 1989 deportation hearing.

The IJ denied Caldero's motion in a written decision. The IJ first found that the outstanding deportation order was valid, noting that Caldero had "received adequate notice of his deportation hearing and nonetheless failed to appear," and that Caldero had provided no adequate excuse for the failure. The IJ emphasized that Caldero's health problems, which began in 1995, and his concerns about the difficulties he will encounter if deported were both irrelevant to the legitimacy of the deportation order entered against him or to whether he had adequate notice of it. The IJ then found that Caldero "cannot claim that ignorance of his

-4-

deportation order excuses a delay of over seventeen years," since Caldero was put on notice by the 1988 Order to Show Cause that "[f]ailure to attend the hearing . . . may result in a determination being made by the Immigration Judge in your absence," was advised of the date and time for his July 1989 hearing, and was informed of the deportation order against him by mail. Finally, the IJ found that Caldero could not reopen his deportation proceedings pursuant to NACARA. Characterizing Caldero's application under NACARA as seeking cancellation of removal, not the adjudication of an asylum claim, the IJ found that Caldero had failed to comply with the September 11, 1998 deadline to file a motion to reopen for adjudication of a cancellation of removal claim. And to the extent that Caldero sought to reopen his deportation order for the consideration of an asylum claim, the IJ noted that Caldero had failed to show the requisite change in country conditions.

The BIA dismissed Caldero's appeal in a separate written decision. As to the validity of the in absentia deportation order, the BIA acknowledged that "lack of notice may constitute reasonable cause for missing a hearing," but found that because Caldero knew of the July 1989 hearing, signed the written statement agreeing to appear, and failed to allege that he lacked notice of the hearing, he had not shown lack of notice nor any other reasonable cause for failing to appear at his hearing. In a footnote, the BIA noted

that any application made for cancellation of removal pursuant to NACARA was untimely because the motion to reopen was made after NACARA's September 11, 1998 deadline. Finally, the BIA rejected Caldero's request to reopen his deportation order on its own motion, stating, "[W]e do not find that the circumstances of this case warrant the exercise of our limited discretion to reopen sua sponte."

## II. STANDARD OF REVIEW

Because the BIA independently evaluated the record and reached its own legal conclusions, we focus our review on the decision of the BIA as opposed to that of the IJ. Pulisir v. Mukasey, 524 F.3d 302, 307-08 (1st Cir. 2008).

"We review the BIA's denial of the motion to reopen for abuse of discretion, setting aside a decision only where it rests on an error of law or reflects arbitrary or capricious decision-making." Oliveira v. Holder, ___ F.3d ___, No.08-2494, 2009 WL 1547742, *1 (1st Cir. June 4, 2009) (citing Arias-Valencia v. Mukasey, 529 F.3d 428, 430 (1st Cir. 2008); 8 C.F.R. § 1003.2(a)) (footnote omitted); see also Guerrero-Santana v. Gonzales, 499 F.3d 90, 92 (1st Cir. 2007) ("Motions to reopen removal proceedings are disfavored as contrary to 'the compelling public interests in finality and the expeditious processing of proceedings.'" (quoting Raza v. Gonzales, 484 F.3d 125, 127 (1st Cir. 2007))).

## III. DISCUSSION

Caldero mounts three challenges to the BIA's decision, none of them persuasive. First, he argues that the BIA erred in failing to reopen his case sua sponte, both because the IJ failed to analyze Caldero's allegedly exceptional circumstances, and because those circumstances warrant reopening. We disagree with Caldero's premise that the IJ failed to consider the circumstances he adverts to, namely, his health problems, his alleged lack of notice of the deportation order, and the difficulties he anticipates were he deported to El Salvador; these issues were explicitly addressed in the IJ's order. But whether the IJ addressed Caldero's circumstances is beside the point, for our circuit precedent makes clear that we lack jurisdiction to review the BIA's refusal to reopen a deportation order sua sponte. Peralta v. Holder, ___ F.3d ___, No. 08-2073, 2009 WL 1475557, at *3 (1st Cir. May 28, 2009); Luis, 196 F.3d at 40.

Caldero's second argument, no more successful, is that the BIA abused its discretion by failing to make a finding of fact as to whether Caldero had actual notice of the requirement to file his motion to reopen by NACARA's September 11, 1998 deadline, or whether Caldero's failure to file by that date was due to circumstances beyond his control. No such findings of fact were necessary. There is no dispute that Caldero knew, from the 1988 Order to Show Cause, that his failure to attend a deportation

-7-

hearing could result in an _in absentia_ deportation order. Nor is it disputed that Caldero was notified of, and agreed to attend, his July 1989 hearing. Thus, the threshold question before the BIA was whether Caldero had shown an adequate excuse for his failure to attend his July 1989 hearing, _see_ 8 U.S.C. § 1252(b) (1988);[4] his failure to make any argument on this score at all to the BIA sealed the fate of his appeal, as Caldero provided the BIA with no reason to reopen the deportation order at all and thus no reason to inquire into the reasons Caldero missed NACARA's filing deadline.

The government notes that Caldero's brief may also suggest an equitable tolling claim. Caldero's alleged lack of actual notice of the deportation order and of the NACARA deadline for motions to reopen of September 11, 1998 conceivably could be relevant to an equitable tolling argument, but Caldero has offered no authority suggesting that equitable tolling principles may be

---

[4]The parties appear to disagree about the relevant standard to be applied in assessing an excuse for Caldero's failure to appear for his July 1989 hearing. Caldero's arguments discussing "exceptional circumstances" appear to draw upon the standard articulated in 8 U.S.C. § 1252b(c)(3) (1994), later recodified at 8 U.S.C. § 1229a(b)(5) (Supp. II 1997), which requires an alien seeking to reopen an _in absentia_ removal order to show either that he did not receive notice of the removal hearing, or that his failure to appear was a result of "exceptional circumstances." In contrast, the government argues in its brief that the "reasonable cause" standard of 8 U.S.C. § 1252(b) (1988) applies; that was the statute and standard used by the BIA. Which of these standards applies and what the difference is between the two, however, are not material questions for this case, as Caldero has not made any argument at all as to why he did not attend his July 1989 hearing, and he thus fails to satisfy either test.

applied to the NACARA motions deadline, nor has he developed any legal argument in support of that conclusion.  The argument is thus waived.  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").[5]

Additionally, even assuming the doubtful premise that Caldero would be able to show the due diligence required for equitable tolling, see, e.g., Ouk v. Mukasey, 551 F.3d 82, 83 (1st Cir. 2008), we note that he did not proffer an explanation to the BIA for his delay in filing his motion to reopen -- filed in 2006, roughly eight years after the NACARA deadline expired and two years after the DHS interview.  This alone would seem enough to defeat an argument for equitable tolling.  Makhoul v. Ashcroft, 387 F.3d 75, 80 (1st Cir. 2004) ("[T]heories not advanced before the BIA may not be surfaced for the first time in a petition for judicial review of the BIA's final order.").

Caldero's final argument is that we "should require the [BIA] to state its reasons and show proper consideration to all factors when weighing equities and denying relief," by which he appears to mean that the reasoning in the BIA's order was insufficient. We disagree.  The BIA offered a specific and cogent statement of the relevant facts and correctly applied the

_____

[5]We reserve judgment on both the availability of such tolling in future cases and on our ability to review the BIA's decisions as to this issue.

applicable law. The rationale for the decision is clear -- Caldero had notice of the July 1989 hearing, failed to attend, and did not show reasonable cause for that failure -- and there is no sign that it failed to consider relevant evidence or law, or that it otherwise abused its discretion.

The three Ninth Circuit cases Caldero cites in support of this argument are neither binding upon us nor contrary to our conclusions. In Tukhowinich v. INS, 64 F.3d 460 (9th Cir. 1995), the BIA wrongly stated that the IJ had considered certain evidence relevant to the petitioner's appeal. Id. at 463. In Georgia v. INS, 90 F.3d 374 (9th Cir. 1996), the BIA "failed to adhere to the requirement that it weigh both favorable and unfavorable factors and did not properly explain the basis for its decision." Id. at 376. In Arrozal v. INS, 159 F.3d 429 (9th Cir. 1998), the BIA erred "by failing to consider all [of the petitioner's] favorable factors and by not weighing those favorable factors against the negative factors that [it] thoroughly discussed." Id. at 435. We find nothing in the record to indicate that the BIA made any of these errors here.

This is not to say that Caldero's petition is wholly unsympathetic; we are cognizant of his health difficulties and of the treatment regimen his doctor advocates. But judicial review of the BIA's decisions is circumscribed by statute, and within the scope of that review, we have no justification for granting

-10-

Caldero's petition.  The petition is therefore **<u>DISMISSED</u>** in part, and otherwise **<u>DENIED</u>**.