NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0534n.06

No. 08-3277

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
**Aug 03, 2009**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| JAVIER LOPEZ-BAUTISTA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW FROM |
| | ) | THE BOARD OF IMMIGRATION |
| ERIC HOLDER, United States Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Before: KEITH, GIBBONS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Javier Lopez-Bautista ("Bautista") petitions for review of the Board of Immigration Appeals' (BIA) decision upholding the denial of his application for cancellation of removal. We deny the petition.

I.

Bautista is a native and citizen of Mexico. He entered the United States, illegally, in April 1992, and has lived here ever since. He has two children who are United States citizens. In 2003, the Department of Homeland Security served him with a Notice to Appear, charging him with removability.

Bautista appeared before an Immigration Judge (IJ), without counsel, on January 13, 2004. The IJ twice continued Bautista's hearing to allow him to retain counsel. Bautista appeared with counsel on June 7, 2005, and asked to apply for cancellation of removal pursuant to 8 U.S.C.

§ 1229b(b)(1). When the IJ asked how soon Bautista could assemble the appropriate application, counsel responded, "[a] month or two. A month will be fine." J.A. 44. The IJ responded, "[l]et's make it 45 days[,]" and set a filing deadline of July 22, 2005 for the application. He warned Bautista that if he did not file the application on time, it would be deemed abandoned. The IJ then set a hearing date for July 28, 2006.

Bautista did not file his application until June 26, 2006, more than 11 months after the deadline. The IJ separately notified Bautista, on June 8, 2006, that he was moving the hearing from July 28 to July 6. Bautista admits receiving the notice.

At the July 6 hearing, the IJ found Bautista removable, and deemed his application abandoned because it was untimely. The BIA dismissed Bautista's appeal, summarily adopting and affirming the IJ's decision.

This petition followed.

## II.

Where, as here, the BIA adopts an IJ's reasoning without issuing its own opinion, we review the IJ's decision directly. *Ndrecaj v. Mukasey*, 522 F.3d 667, 672 (6th Cir. 2008).

Bautista argues that his due process rights were violated when the IJ refused to consider his late-filed application for cancellation of removal. We review due-process claims *de novo*. *Id*. at 673.

"To constitute fundamental unfairness[,]" and thus a denial of due process, "a defect in the removal proceedings must have been such as might have led to a denial of justice." *Id*. (internal quotation marks omitted). To prevail, therefore, Bautista must establish both that the IJ erred, and that Bautista was prejudiced as a result. *Id*.

Under 8 C.F.R. § 1003.31(c), "[i]f an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived." Accordingly, an IJ may exclude late-filed documents, *Hassan v. Gonzales*, 403 F.3d 429, 436 (6th Cir. 2005), or deem a late-filed application to have been abandoned, so long as the alien had proper notice of the deadline. *Cabrera-Ramos v. Gonzales*, 233 F. App'x 449, 453 (6th Cir. 2007); *see also Ahligah v. Ashcroft*, 123 F. App'x 4, 6 (1st Cir. 2005) (IJ was "within her power" to deem application abandoned where it was filed six weeks late); *Quinones v. U.S. Attorney General*, 161 F. App'x 836, 837 (11th Cir. 2006) (no due process violation where IJ deemed application abandoned because petitioner missed the filing deadline). The regulations therefore authorized the action the IJ took here.

To establish a due-process violation, therefore, Bautista must show that § 1003.31(c) is unconstitutional as applied to him. Bautista cannot do that. It is undisputed that Bautista missed—by over 11 months—the filing deadline for his application for cancellation of removal. The record reflects that Bautista had been warned of the consequences of a late filing, and never asked the court to extend the deadline. Bautista (or more precisely his then-counsel) simply disregarded the IJ's filing deadlines. Under these circumstances, the IJ's enforcement of the deadlines did not violate due process.

Bautista also argues that he was denied due process when the IJ moved his hearing up three weeks, from July 26, 2006 to July 6, 2006. But this move was done with sufficient notice to Bautista. Bautista also knew, as of June 5, 2005, that his hearing would occur in approximately one

year.  Under these circumstances, nothing about the three-week date-change violated Bautista's

constitutional rights.

We are required, therefore, to deny the petition for review.