# United States Court of Appeals
## For the First Circuit

No. 12-1902

BELKIS EUNICE MORETA,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

Lidia M. Sanchez on brief for petitioner.
Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Stuart F. Delery, Principal Deputy Assistant Attorney General, and Anthony P. Nicastro, Senior Litigation Counsel, on brief for respondent.

July 15, 2013

**HOWARD, Circuit Judge.** Belkis Eunice Moreta, a native and citizen of the Dominican Republic, petitions for judicial review of the Board of Immigration Appeals's ("BIA") affirmance of an Immigration Judge's ("IJ") finding that she abandoned her applications for relief from removal by failing to file them in accordance with a court-ordered deadline. Because the IJ did not abuse her discretion by finding that Moreta had abandoned her applications for relief, the petition for review is denied.

## I. Background

In 1994, Moreta was admitted to the United States as a permanent resident on a conditional basis based on her marriage to a U.S. citizen. That marriage later ended in divorce. Thereafter, Moreta filed a petition to remove the conditions on her residency. That petition was denied and her status as a conditional permanent resident was terminated.

On January 7, 2010, during the ensuing removal proceedings, Moreta--represented by counsel--appeared before an IJ and stated her intentions (1) to renew her petition to remove the conditions on her residency and (2) to apply for cancellation of removal. The IJ asked Moreta's counsel how much time was needed to prepare the necessary applications, and Moreta's counsel requested sixty days. The IJ consented and ordered Moreta to submit her applications by March 8, 2010.

-2-

The IJ also stated to Moreta, through a Spanish interpreter,

> So, ma'am, your attorney has on your behalf admitted that you are removable as charged. She has indicated that you are pursuing the [petition to remove the conditions on residency], but also seeking cancellation of removal. So your applications are due to be filed with this Court by March 8th of this year. Updates are due by April 17th of 2011. And if you fail to return to court, there are serious consequences that I've advised you about previously. But you additionally do have to go through the biometrics process. If you fail to do that, I can deem that you're abandoning your applications. Do you understand all of that?

Moreta responded that she understood.

March 8 came and went without Moreta filing her applications. She eventually filed them on September 15, over six months past the deadline. Moreta did not file a motion for the IJ to accept the untimely submission. She made no updates to the applications in advance of the April 17, 2011 update deadline.

On May 17, 2011, Moreta appeared for her final hearing before the IJ. The IJ asked Moreta's counsel to explain why the applications for relief were filed over six months after the deadline. Moreta's counsel stated that Moreta was aware of the deadline--as she had been present at the prior hearing--but that she had not provided the information or fees necessary for her counsel to complete and submit the applications in a timely fashion.

The IJ denied Moreta's applications for relief on the ground that Moreta had abandoned them by failing to meet the filing deadline. The IJ noted that the applications were filed over six months after the deadline and that Moreta failed to explain why she did not file the applications in a timely manner. In the alternative, the IJ denied Moreta's applications for relief on the merits. The IJ found that Moreta failed to submit evidence to support claims essential to both her petition to remove the conditions on her residency and her application for cancellation of removal.

Moreta appealed the IJ's decision to the BIA, arguing that the IJ erred in (1) finding that Moreta had abandoned her applications for relief, and (2) denying those applications on the merits. The BIA dismissed the appeal and did not disturb the IJ's finding that Moreta had abandoned her applications for relief by failing to file them by the deadline. Because the BIA upheld the IJ's decision on the ground of abandonment, the BIA found it unnecessary to address the IJ's alternative findings denying Moreta's applications on the merits. Moreta now requests review of the BIA's decision.

## II. Discussion

Moreta argues that we must grant her petition for review on the grounds that the BIA abused its discretion by (1) finding that she abandoned her applications for relief by failing to meet

the filing deadline, and (2) refusing to consider all of her arguments on appeal.  For the reasons that follow, neither of these asserted failings constitutes an abuse of discretion; and therefore we deny her petition for review.

A. Abandonment as a Result of Missing the Filing Deadline

Where, as here, the BIA adopts part of the IJ's decision, this court reviews the IJ's decision as adopted by the BIA.  See, e.g., Uruci v. Holder, 558 F.3d 14, 18 (1st Cir. 2009).  And where, as here, an IJ denies an application for relief on the ground that the noncitizen abandoned the application by missing a filing deadline, the IJ's decision is reviewed for an abuse of discretion and should be reversed only if arbitrary or capricious.  See, e.g., Gomez-Medina v. Holder, 687 F.3d 33, 37 (1st Cir. 2012).  We "step softly" when asked to set aside an IJ's sanction for a violation of a case-management order, because IJs--who are intimately familiar with the ebb and flow of the cases on their dockets--have first-line authority for case-management decisions.  Cf. Torres v. Puerto Rico, 485 F.3d 5, 10 (1st Cir. 2007); see also Morgan v. Gonzales, 445 F.3d 549, 551 (2d Cir. 2006) ("IJs are accorded wide latitude in calendar management, and we will not micromanage their scheduling decisions any more than when we review such decisions by district judges.").

The regulations governing removal proceedings invest IJs with "broad authority to impose deadlines for court filings.  This

-5-

authority reflects the government's strong interest in the orderly and expeditious management of immigration cases." Gomez-Medina, 687 F.3d at 37 (citations and internal quotation marks omitted). According to those regulations, "All documents and applications that are to be considered in a proceeding before an [IJ] must be filed with the Immigration Court having administrative control over the Record of Proceeding." 8 C.F.R. § 1003.31(a). The regulations further provide, "The [IJ] may set and extend time limits for the filing of applications and related documents and responses thereto, if any. If an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived." Id. § 1003.31(c) (emphasis added).

"The [BIA] has long held that applications for benefits under the [Immigration and Nationality] Act are properly denied as abandoned when the [noncitizen] fails to timely file them." Matter of R-R-, 20 I. & N. Dec. 547, 549 (BIA 1992). And we have held that an IJ does not abuse her discretion when she deems the noncitizen to have abandoned an application for relief by missing a filing deadline without good cause. See, e.g., Caldero-Guzman v. Holder, 577 F.3d 345, 348 (1st Cir. 2009); Alsamhouri v. Gonzales, 484 F.3d 117, 122-23 & n.5 (1st Cir. 2007). This is so even if the noncitizen eventually files the application. See, e.g., Ahlijah v. Ashcroft, 123 F. App'x 4, 11 (1st Cir. 2005).

-6-

Moreta argues that, since she eventually filed her applications, and since there is no evidence that she intentionally delayed the proceedings, the IJ abused her discretion by deeming the applications abandoned. But we have never held, and we decline to hold here, that eventual filing and good intentions limit an IJ's authority under 8 C.F.R. § 1003.31(c) to deem a late application waived. Requiring such a finding of bad faith would permit end-runs around the deadlines and result in the very micromanagement that we have always eschewed.

Moreta further argues that it was an abuse of discretion to deem her applications abandoned because the IJ never informed her that missing the deadline would result in such a consequence. To support her contention that missing a filing deadline should result in negative consequences only where the noncitizen has advance notice of those consequences, Moreta cites Lopez-Bautista v. Holder, 339 F. App'x 585 (6th Cir. 2009).

Not only is Lopez-Bautista an unpublished opinion from a different circuit, but Moreta mischaracterizes the case. In Lopez-Bautista, which involved a Due Process Clause challenge, the Sixth Circuit first noted that under 8 C.F.R. § 1003.31(c) an IJ may deem late-filed applications to have been abandoned so long as the noncitizen had proper notice of the deadline, id. at 586; the court did not say that the noncitizen need also have had notice of the consequence of failing to meet that deadline. The Sixth Circuit

-7-

went on to reject the noncitizen's argument that 8 C.F.R. § 1003.31(c) violated his due process rights. Id. In the course of its discussion, the court noted that the noncitizen (1) missed the filing deadline by over eleven months, (2) never asked the court to extend the deadline, and (3) had been warned of the consequences of a late filing. Id.

Moreta has not styled her notice argument as a due process challenge to 8 C.F.R. § 1003.31(c), and, even if she had, it is not clear that the Due Process Clause would apply to her applications for relief. See, e.g., DaCosta v. Gonzales, 449 F.3d 45, 50 (1st Cir. 2006) (stating that discretionary forms of relief from removal do not rise to the level of a liberty or property interest protected by due process); Jupiter v. Ashcroft, 396 F.3d 487, 492 (1st Cir. 2004) ("The petitioner's purported due process claim is nothing more than a reformulated attack on the IJ's discretionary refusal to extend the voluntary departure deadline after the fact (or, more precisely put, to overlook the petitioner's violation of that deadline). That reframed attack presents no substantial constitutional question."). Furthermore, even if the Due Process Clause were implicated, and even if we were bound by Lopez-Bautista, the Sixth Circuit never said--and it is far from obvious--that the warning about consequences was essential to the outcome in that case. Moreover, even if advance warning

-8-

were constitutionally essential, we would hesitate to conclude that Moreta lacked such warning here.  The IJ told Moreta:

> So your applications are due to be filed with this Court by March 8th of this year.  Updates are due by April 17th of 2011.  And if you fail to return to court, there are serious consequences that I've advised you about previously.  But you additionally do have to go through the biometrics process.  If you fail to do that, I can deem that you're abandoning your applications.

Moreta reads this statement to suggest that while the IJ warned her of the consequences of failing to appear at future hearings and of failing to comply with the biometrics process, the IJ did not warn her of any adverse consequences of failing to meet the filing deadlines.  That parses the IJ's statement too finely.  At a minimum, the IJ's admonition served to put Moreta on notice that negative consequences could attend a failure to comply with application requirements.

We conclude that the IJ acted within her discretion in finding that Moreta had abandoned her applications for relief by missing the filing deadline.

B. The BIA's Decision Not To Consider All Arguments

Moreta also argues that the BIA abused its discretion by failing to consider all of her arguments on appeal.

"As a general rule . . . agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."  INS v. Bagamasbad, 429 U.S. 24, 25 (1976);

see also <u>Peci</u> v. <u>Holder</u>, 379 F. App'x 499, 504 n.3 (6th Cir. 2010) (blessing BIA's practice of declining to reach alternate ground for IJ's decision if that decision can be upheld on another ground); <u>Patel</u> v. <u>INS</u>, 811 F.2d 377, 380 (7th Cir. 1987) (stating, where BIA's holdings were phrased in the alternative, "[i]f the [BIA] must be sustained on the latter of those grounds, then there is no need for us to inquire into the propriety of the former").

Since the BIA's and IJ's finding as to abandonment was not an abuse of discretion, the BIA was under no obligation to address the IJ's alternative findings, or Moreta's arguments based on those findings.  Therefore, the BIA did not abuse its discretion by failing to address Moreta's other arguments on appeal.

## III. <u>Conclusion</u>

For the reasons stated above, Moreta's petition for review is denied.