**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-1725

ANAHIT GHAZARIAN,

Petitioner,

v.

JEFFERSON B. SESSIONS, III,[*]
Attorney General of the United States,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Chief Judge,
Lynch and Kayatta, Circuit Judges.

Robert Marton and The Law Alliance A.P.C. on brief for petitioner.
Laura Halliday Hickein, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Jennifer P. Levings, Senior Litigation Counsel, and Benajmin C. Mizer, Principal Deputy Assistant Attorney General, on brief for respondent.

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Jefferson B. Sessions, III has been substituted for former Attorney General Loretta E. Lynch as respondent.

April 12, 2017

HOWARD, **Chief Judge**.  Anahit Ghazarian, a native and citizen of Armenia, petitions for review of a final order of removal from the Board of Immigration Appeals ("BIA").  The focus of her petition is on an immigration judge's ("IJ") discretionary order denying Ghazarian's motion for extension of time, which sought additional time to file applications for adjustment of status, cancellation of removal, and waiver of removability.  As a result of that motion's denial, the IJ deemed Ghazarian's applications for relief abandoned and ordered Ghazarian removed.

After careful consideration, we deny Ghazarian's petition.

## I.

Ghazarian entered the United States in 1990.  In 2002, she became a permanent resident on the basis of her marriage to U.S. citizen Mikael Kayayan.  Three years later, Ghazarian filed an Application for Naturalization pursuant to Immigration and Nationality Act § 319(a), 8 U.S.C. § 1430(a).  Her marriage to Kayayan was subsequently found to exist "solely for the purpose of circumventing immigration laws and obtaining immigration benefits, specifically lawful permanent residence and citizenship," and her application was denied.

In 2010, Ghazarian failed to attend a removal hearing and was declared removed in absentia.  Ghazarian successfully moved

- 3 -

to rescind the in absentia order and to reopen removal proceedings. After an evidentiary hearing, however, the IJ found Ghazarian removable for fraud in violation of 8 U.S.C. § 1227(a)(1)(A), denied her motion to terminate, and continued the case for any applications for relief. At that time, the IJ told Ghazarian that "[a]ny application [for relief] not filed by July 25, 2013 will be deemed abandoned."[1] The IJ also issued a notice to Ghazarian with a handwritten note that said: "7/25/13 for [Ghazarian] to file any and all applications otherwise abandoned."

July 25th arrived. But Ghazarian's various applications for relief did not. Instead, Ghazarian filed a motion for extension of time, which the IJ then summarily denied. Ghazarian filed a timely motion to reconsider, which the IJ also denied.

Then, in October, the IJ issued her oral decision. The IJ explained her prior denial of the motion for extension of time by stating that Ghazarian had failed to establish good cause for an extension and also noted that Ghazarian had never filed any applications for relief, even after missing the July 25th deadline. The IJ deemed Ghazarian's applications for relief abandoned.

Ghazarian timely appealed to the BIA. Though acknowledging several errors made by the IJ, the BIA nonetheless

---

[1] Though a confusing exchange regarding dates followed, July 25, 2013 remained the deadline for filing applications for relief. This gave Ghazarian 120 days to file.

affirmed because Ghazarian had not shown that she was prejudiced by them. The BIA further observed that Ghazarian had not demonstrated eligibility for any forms of relief.

This appeal followed.

## II.

Where, as here, "the BIA has written separately while deferring to and affirming the decision of an IJ, we review both the BIA's decision and the relevant portions of the IJ's decision." Lutaaya v. Mukasey, 535 F.3d 63, 70 (1st Cir. 2008).

On appeal, Ghazarian claims that the IJ abused her discretion by deeming Ghazarian's applications abandoned and by denying Ghazarian's motion to extend time. Additionally, Ghazarian claims that the IJ abrogated Ghazarian's due process rights through ex parte communication with government counsel. We consider these claims in turn.

## A.

Ghazarian's first claim on appeal is that the IJ abused her discretion by deeming Ghazarian's applications abandoned. "We 'step softly' when asked to set aside an IJ's sanction for a violation of a case-management order, because IJs . . . have first-line authority for case-management decisions." Moreta v. Holder, 723 F.3d 31, 33—34 (1st Cir. 2013); see also Morgan v. Gonzales,

445 F.3d 549, 551 (2d Cir. 2006) (declining to micromanage scheduling decisions). If "an IJ denies an application for relief on the ground that the noncitizen abandoned the application by missing a filing deadline, the IJ's decision is reviewed for an abuse of discretion and should be reversed only if arbitrary or capricious." Moreta, 723 F.3d at 33). We have previously found no abuse of discretion where, as in Ghazarian's case, the noncitizen misses a filing deadline without showing good cause. See id. at 34; see also Caldero-Guzman v. Holder, 577 F.3d 345, 348 (1st Cir. 2009); Alsamhouri v. Gonzales, 484 F.3d 117, 122-23 & n.5 (1st Cir. 2007).

Ghazarian argues that her motion for extension of time signaled that she did not intend abandonment and, thus, that the IJ abused her discretion by deeming the applications for relief abandoned. We decline to hold here, however, that filing a motion for extension of time -- at the last possible moment and with no indication of when such applications for relief would be filed -- limits an IJ's authority under 8 C.F.R. § 1003.31(c) to deem a late application waived. To do so "would permit end-runs around the deadlines and result in the very micromanagement that we have always eschewed." Moreta, 723 F.3d at 34. And we reiterate that the IJ twice gave Ghazarian notice that if she missed the July 25 deadline, her applications would be deemed abandoned. Therefore, we find no abuse of the IJ's broad discretion.

- 6 -

## B.

Ghazarian next argues that the denial of her motion for extension of time and of her subsequent motion to reconsider amounted to an abuse of discretion.  Yet, "[b]ecause the IJ possesses the power to set time limits, the mere request of an extension does not obligate the IJ to grant one." Okeke v. I.N.S., No. 95-2559, 1996 WL 271432, at *2 (4th Cir. May 22, 1996) (per curiam) (unpublished opinion).  Ghazarian had the burden of showing good cause but did not plainly do so.  See Mazariegos-Paiz v. Holder, 734 F.3d 57, 65-66 (1st Cir. 2013).  That the district court acted well within its discretion in denying the motion is clear.

## C.

In an attempt to fashion a fallback position, Ghazarian argues that denial of the motion to extend time transgressed her right to due process.  Our review of that claim is de novo.  See id.  Essentially, however, Ghazarian's due process claim is little more than a reformulated attack on the IJ's discretionary refusal to extend the filing deadline.  See Jupiter v. Ashcroft, 396 F.3d

487, 492 (1st Cir. 2005). "That reframed attack presents no substantial constitutional question." Id.

Here, Ghazarian received all of the process that was due. She had plenty of time to file her applications. Cf. Juarez v. Holder, 599 F.3d 560, 566 (7th Cir. 2010) (finding 60 days to file applications adequate). More significantly, she had no protected interest in this discretionary form of relief. Cf. DaCosta v. Gonzales, 449 F.3d 45, 50 (1st Cir. 2006) ("A due process claim requires that a cognizable liberty or property interest be at stake. . . . [A] discretionary form of relief . . . does not rise to the level of such a protected interest."). Finally, because we have established that the IJ did not abuse her discretion in denying the motion, there is no basis for a colorable claim that the denial somehow produced a fundamentally unfair hearing. See id. (citing Alsamhouri, 484 F.3d at 124).

## D.

Ghazarian's final argument is that ex parte communications occurred between the IJ and the government sometime prior to the October hearing. On the record before us, we conclude, like the BIA, that Ghazarian's allegations are "based solely on her own speculation." Even if we accept, arguendo, that impermissible ex parte communication occurred, Ghazarian has failed to show that she suffered any harm, and therefore we find

no violation of due process.  <u>See</u> <u>Enwonwu</u> v. <u>Gonzáles</u>, 232 F. App'x 11, 15 (1st Cir. 2007) (per curiam) (unpublished opinion).

## III.

Although we do not condone the errors acknowledged by the BIA, the petition is **<u>denied</u>**.