# United States Court of Appeals
## For the First Circuit

No. 08-1145

CONTHA OUK,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Howard, Circuit Judge,
and Garcia-Gregory,[*] District Judge.

Jessica Smith Bobadilla and Law Office of Jessica Smith
Bobadilla on brief for petitioner.
    Corey L. Farrell, Attorney, Office of Immigration Litigation,
U.S. Department of Justice, Gregory G. Katsas, Assistant Attorney
General, and Terri J. Scadron, Assistant Director, on brief for
respondent.

December 23, 2008

---

[*]    Of the District of Puerto Rico, sitting by designation.

**LYNCH**, <u>**Chief Judge**</u>. Petitioner Contha Ouk was ordered removed to his native Cambodia when he did not appear at his January 22, 2004 removal hearing. He had filed, in May 2003, an application for asylum and supporting documents through a supposed paralegal, whom Ouk identifies variously as Sok Sombath and Mr. Sokhom. Notice of the hearing was sent to Ouk's address of record. The order of removal was sent to the same address, but was returned.

In July 2006, Ouk filed a motion to reopen, well beyond the 180-day limit that is permitted "if the alien demonstrates that [his] failure to appear was because of exceptional circumstances." 8 C.F.R. § 1003.23(b)(4)(ii). He claimed Sombath had mislead him. The Immigration Judge ("IJ") rejected the motion on August 14, 2006, finding, inter alia, that Ouk had been given proper notice and that Ouk had not established ineffective assistance of counsel, and thus had failed to show exceptional circumstances.

The Board of Immigration Appeals ("BIA") affirmed in a short opinion. It concurred with the IJ's conclusion that Ouk had received proper notice. It added that even if Ouk had established that he received ineffective assistance from Sombath, Ouk had failed to show he exercised the due diligence necessary to equitably toll the deadline beyond 180 days. Ouk provided insufficient information as to what steps he took to keep track of

his case prior to July 2006, particularly in the period after he had discovered the alleged ineffectiveness of Sombath.

Ouk petitions for review of the BIA's decision denying his motion to reopen, presenting two arguments: (1) that there was error in the finding that he had received proper notice; and (2) that the BIA otherwise abused its discretion in not allowing him to reopen because it should have applied equitable tolling principles.

This court does have jurisdiction to review the notice finding. There was more than substantial evidence to support the finding. See Shah v. Mukasey, 533 F.3d 25, 27-28 (1st Cir. 2008).

We also have jurisdiction to review the finding that Ouk did not show exceptional circumstances. See Berrio-Barrera v. Gonzales, 460 F.3d 163, 167 (1st Cir. 2006) ("Because the BIA adopted and affirmed the IJ's decision, but also added an additional ground, this court reviews the IJ's decision as though it were the BIA's to the extent of the adoption, and the BIA's decision as to the additional ground."); see also Beltre-Veloz v. Mukasey, 533 F.3d 7, 10-11 (1st Cir. 2008). We need not reach this issue, however, because even if exceptional circumstances were established, Ouk's claims would fail in the absence of equitable tolling. See Fustaquio do Nascimento v. Mukasey, No. 07-2608, ___ F.3d ___, 2008 WL 5050169, at *3 (1st Cir. Dec. 1, 2008).

To the extent Ouk is arguing that the BIA should have granted equitable tolling, we rely on the discussion of the issue

-3-

in our recent decision in <u>Fustaquio do Nascimento</u>.  The agency based its decision on the factual determination that Ouk had not exercised due diligence, which is a precondition to equitable tolling, if tolling is even available in these circumstances.  <u>Id.</u> at \*5.  We, accordingly, lack jurisdiction to review this claim. <u>Id.</u>

The petition for review is <u>denied</u> in part and <u>dismissed</u> in part for lack of jurisdiction.