# United States Court of Appeals
## For the First Circuit

No. 07-1091

KELMER DA SILVA NEVES,

Petitioner,

v.

ERIC H. HOLDER, JR.,[*] ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before
Lynch, Chief Judge,
Torruella and Ebel,[**] Circuit Judges.

Saher Joseph Macarius with whom Audrey Botros and Law Offices
of Saher Joseph Macarius were on brief for petitioner.
Stacey I. Young, Office of Immigration Litigation, Civil
Division, U.S. Department of Justice, with whom Michael F. Hertz,
Acting Assistant Attorney General, and J. Max Weintraub, Senior
Litigation Counsel, were on brief for respondent.

June 4, 2009

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Attorney General
Eric H. Holder, Jr. has been substituted for former Attorney
General Michael B. Mukasey as the respondent.

[**]    Of the Tenth Circuit, sitting by designation.

**PER CURIAM**. Petitioner Kelmer Da Silva Neves, a native and citizen of Brazil, petitions for review of the denial by the Board of Immigration Appeals of his second motion to reopen, which the Board denied on December 14, 2006. Neves's first motion to reopen was denied on December 3, 2003 due to his failure to exercise due diligence in seeking reopening of a September 25, 2001 decision by the Board, which dismissed his asylum appeal.

The second motion to reopen, the denial of which is now before us, was filed on June 30, 2006 and was denied by the Board as untimely and numerically barred. See 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003(c)(2). Neves's second motion sought reopening of the Board's December 3, 2003 decision.

The Board rejected Neves's argument that the time and number limits should be equitably tolled so he could seek adjustment of status under § 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i). See 8 C.F.R. § 1003.2(c)(2). The Board found that while Neves had substantially complied with the requirements to show ineffective assistance of counsel under In re Lozada, 19 I. & N. Dec. 637 (BIA 1988), he nonetheless had failed to show that he exercised due diligence in seeking reopening.

We need not and do not decide whether the statutory provision limiting motions to reopen is subject to equitable tolling. Even if it were, the equitable tolling doctrine is

-2-

unavailable to a party who has failed to exercise due diligence, as the BIA found here. Boakai v. Gonzales, 447 F.3d 1, 3 (1st Cir. 2006) ("[I]f the equitable tolling doctrine is available at all, the petitioner must first show that he has acted with due diligence.").

No constitutional claim or issue of law is raised by petitioner as to the Board's finding of lack of diligence, contrary to the assertions in his reply brief.[1] And where the Board has made a factual determination of lack of due diligence not raising an issue of law or a constitutional claim, under the provisions of the REAL ID Act, 8 U.S.C. § 1252(a)(2)(B)(i), (D), we have held we lack jurisdiction to review the Board's decision. Ouk v. Mukasey, 551 F.3d 82, 83-84 (1st Cir. 2008); Fustaquio Do Nascimento v. Mukasey, 549 F.3d 12, 18-19 (1st Cir. 2008); see also Boakai, 447 F.3d at 4.

The Board further declined to exercise its authority to sua sponte reopen. We have no jurisdiction over this latter decision. Peralta v. Holder, No. 08-2073, ___ F.3d ___, 2009 WL

---

[1] Because the BIA denial was based on a lack of diligence, the claim of ineffective assistance of counsel is not before us. Indeed, the BIA found lack of diligence even assuming counsel was ineffective. Further, even if we had jurisdiction, the ineffective assistance claim is waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

1475557, at *6-8 (1st Cir. May 28, 2009); <u>Luis</u> v. <u>INS</u>, 196 F.3d 36, 40 (1st Cir. 1999).

The petition is <u>dismissed</u> for lack of jurisdiction.