# United States Court of Appeals
## For the First Circuit

No. 07-1091

KELMER DA SILVA NEVES,

Petitioner,

v.

ERIC H. HOLDER, JR.,[*] ATTORNEY GENERAL,

Respondent.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before
Lynch, Chief Judge,
Torruella and Ebel,[**] Circuit Judges.

Saher Joseph Macarius with whom Audrey Botros and Law Offices of Saher Joseph Macarius were on brief for petitioner.
Stacey I. Young, Trial Attorney, Office of Immigration Litigation, Civil Division, with whom Tony West, Assistant Attorney General, and Joshua E. Braunstein, Assistant Director, Office of Immigration Litigation, were on brief for respondent.

July 21, 2010

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric H. Holder, Jr. has been substituted for former Attorney General Michael B. Mukasey as the respondent.

[**] Of the Tenth Circuit, sitting by designation.

**PER CURIAM**.  Kelmer Da Silva Neves, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals's (BIA) December 14, 2006, denial of his second motion to reopen proceedings.  The government's efforts to remove him from the country started in 1999.  We deny the petition.

Neves's second motion to reopen was time- and number-barred under 8 U.S.C. § 1229a(c)(7)(A), (C)(i) and 8 C.F.R. § 1003.2(c)(2).  Save for several exceptions not at issue here, those provisions allow an alien to file only one motion to reopen proceedings based on new facts and require the alien to do so within ninety days after the final order of removal.  Neves argued before the BIA that he was nonetheless entitled to equitable tolling of these filing requirements, or in the alternative that the BIA should sua sponte reopen proceedings, because of ineffective assistance of counsel.  The BIA found that Neves was ineligible for equitable tolling because he had failed to show he had exercised due diligence in pursuing his claim and declined to exercise its sua sponte authority to reopen.

This court initially denied Neves's petition on the ground then urged by the government: that the BIA's finding of a lack of due diligence, on which the denial primarily rested, was a factual determination that federal courts lacked jurisdiction to review.  See Da Silva Neves v. Holder, 568 F.3d 41, 42-43 (1st Cir. 2009) (per curiam).  This court further held that it lacked

-2-

jurisdiction to review the BIA's discretionary denial of sua sponte reopening. Id. at 43. Neves filed a petition for a writ of certiorari in the Supreme Court.

While Neves's petition was pending, the Supreme Court decided Kucana v. Holder, 130 S. Ct. 827 (2010), in which it held that decisions on motions to reopen proceedings, like other proceedings made discretionary by regulation and not by statute, are generally subject to judicial review. Id. at 831, 840. In light of Kucana, in its reply brief to Neves's petition for writ of certiorari, the government abandoned its earlier jurisdictional position and recommended that the case be granted, vacated, and remanded. The Supreme Court granted certiorari and vacated and remanded the case to this court "for further consideration in light of Kucana v. Holder." Neves v. Holder, No. 09-650, 2010 WL 1946733, at *1 (U.S. May 17, 2010) (mem.).

We hold that we have jurisdiction to review the BIA's decision to deny equitable tolling of the time and number limitations governing Neves's second motion to reopen but not to review the BIA's refusal to exercise its sua sponte authority to reopen. Even assuming arguendo that equitable tolling of these requirements is available, the BIA did not abuse its discretion in denying the motion. The BIA did not abuse its discretion in finding that Neves failed to show he had exercised due diligence in

-3-

pursuing reopening, and substantial evidence supported that factual determination.

## I.

Neves entered the United States as a B-2 visitor in 1999 and overstayed. On December 2, 1999, the Immigration and Naturalization Service (INS) issued a Notice to Appear. Neves conceded removability and applied for asylum and withholding of removal, claiming political persecution.

On November 1, 2000, an Immigration Judge (IJ) denied Neves's application for asylum and withholding of removal, finding that he was not credible on his claims of past persecution in Brazil and that his claims did not amount to persecution in any event. The IJ found Neves ineligible for voluntary departure. At this point, Neves was being represented by Joarez Reis, who had falsely represented himself as being a licensed attorney. Reis filed a notice of appeal to the BIA, and he listed as the forwarding address for correspondence a post office box that Reis had rented and that Reis had stopped checking when he fled criminal prosecution in Massachusetts. The BIA sent notice to that address.

Neves hired John Dvorak as his new attorney in June 2001, but Dvorak did not file an appearance until April 2002. On September 25, 2001, the BIA dismissed Neves's appeal as moot. Specifically, because the BIA was unable to reach Neves by mail at

the address Reis had given the court, the BIA concluded that Neves's appeal had apparently been abandoned.

Nearly two years later, on August 21, 2003, Neves filed his first motion to reopen, requesting reconsideration of the BIA's September 2001 decision and reinstatement of voluntary departure. At this point, Neves was represented by yet another attorney, Gary Yerman. Neves acknowledged that his first motion to reopen was untimely. Neves argued that the BIA should nonetheless consider the motion because the abandonment of his appeal by Reis and the delay in filing his motion to reopen were caused by the ineffective assistance of Neves's former representatives, Reis and Dvorak. Neves also admitted that he had learned of the BIA's prior order in August 2002 but waited another year to file his first motion to reopen.

On December 3, 2003, less than four months later, the BIA denied this motion as untimely and held that Neves was ineligible for equitable tolling. In addition to rejecting Neves's ineffective assistance claim, the BIA found that Neves had not exercised due diligence in pursuing his claim. A year had elapsed between August 2002, when Neves acknowledged he had learned of the BIA's September 2001 decision, and August 2003, when Neves filed his motion to reopen. The denial of this first motion to reopen was not the subject of a timely petition for review and is not before us.

Two and a half years later, on June 30, 2006, Neves filed a second motion to reopen proceedings, seeking readjustment of status under section 245(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255(i). Now represented by another new attorney, Neves argued that the time and number limitations on his second motion should be equitably tolled, even though the motion was otherwise time- and number-barred, because of attorney Yerman's deficient performance in handling Neves's first motion to reopen.[1] Neves further claimed that he had exercised due diligence by consistently contacting Yerman between 2003 and 2006 for updates on the status of his first motion to reopen. Neves said he was informed by one of Yerman's employees that the BIA might take years to issue its decision and that he should be patient. He provided no independent corroboration of his assertions. Neves claimed he only discovered in early June 2006 that the BIA had denied his first motion to reopen in 2003.

On December 14, 2006, less than six months later, the BIA denied this second motion to reopen as time- and number-barred and found Neves ineligible for equitable tolling. Though the BIA found that Neves had substantially complied with the requirements to show ineffective assistance of counsel by Yerman, it also found that

---

[1] Specifically, Neves claimed Yerman failed to file appropriate documentation in support of his first motion to reopen, did not ask for appropriate relief, and failed to notify Neves of the BIA's denial of relief for three years.

Neves had failed to demonstrate he had exercised due diligence in pursuing his claim. Neves, the BIA found, was unable to provide the dates or details of when he contacted Yerman from 2003 to 2006 or to provide "sufficient specific, relevant information to corroborate his generalized assertion of due diligence." The BIA also declined to sua sponte reopen the motion. This petition followed.

## II.

A.      Jurisdiction

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) amended the INA by, inter alia, explicitly identifying several immigration matters "not subject to judicial review." 8 U.S.C. § 1252(a)(2); Kucana, 130 S. Ct. at 828. Insulated matters include any action of the Attorney General "the authority for which is specified under this subchapter to be in the discretion of the Attorney General." 8 U.S.C § 1252(a)(2)(B)(ii). Kucana held, on statutory construction and separation of powers grounds, that this exclusion from judicial review did not preclude review of decisions left to the discretion of the Attorney General by regulation and not by statute. Kucana, 130 S. Ct. at 831.

Two precepts relevant to this case flow from that holding. First, because motions to reopen belong to the category of decisions committed to the Attorney General's discretion by

regulation, and not by statute, <u>Kucana</u> expressly held that courts generally have jurisdiction to review the BIA's decision to grant or deny these motions. <u>Id.</u> at 840. This case therefore falls into the general category of matters over which we can exercise jurisdiction. Neves has petitioned for review of the BIA's denial of his second motion to reopen, and his petition implicates none of the other jurisdictional bars set out in 8 U.S.C. § 1252(a)(2).[2]

Second, unless barred by statute from review, denials of motions to reopen are generally subject to judicial review irrespective of whether the BIA's decision rested on a legal or constitutional ruling. The existence of a legal or constitutional question, as opposed to a factual issue, only restores jurisdiction over matters otherwise barred from review. <u>See</u> 8 U.S.C. § 1252(a)(2)(D). Courts do not lose jurisdiction to review the BIA's denial of a motion to reopen or other ordinarily reviewable matters merely because the BIA rested its conclusion upon an underlying factual determination. <u>See</u> <u>id.</u>

Our earlier opinion held that no legal or constitutional issues were raised by the BIA's determination that Neves's time- and number-barred motion to reopen was not subject to equitable tolling because of Neves's failure to show due diligence. <u>See</u>

---

[2] Neves has not sought review of any of the kinds of decisions on admissibility by immigration officers insulated from review under 8 U.S.C. § 1252(a)(2)(A), and he is not removable as an aggravated felon, <u>see</u> <u>id.</u> § 1252(a)(2)(C).

Neves, 568 F.3d at 42.  On that basis, we held we were barred from exercising jurisdiction to review the BIA's decision.  See id. at 42-43.  That holding, as Kucana makes clear, was erroneous.[3]

Kucana does not affect the subsidiary holding in our earlier opinion that federal courts lack jurisdiction to review the BIA's decision to exercise or decline to exercise its sua sponte authority to reopen proceedings.  Such decisions are "committed to [the BIA's] unfettered discretion" by law, Luis v. INS, 196 F.3d 36, 40 (1st Cir. 1999); see also 8 C.F.R. § 1003.2(a), and "the very nature of the claim renders it not subject to judicial review," Luis, 196 F.3d at 40; see also Caldero-Guzman v. Holder, 577 F.3d 345, 348 (1st Cir. 2009).  Nor does it affect our earlier determination that no constitutional claims were presented.

B.      Equitable Tolling

We turn to Neves's argument that the BIA abused its discretion by refusing to allow his otherwise time- and number-

_____

[3] Several of this circuit's earlier cases also relied on this erroneous premise.  Boakai v. Gonzales, 447 F.3d 1 (1st Cir. 2006), first raised this premise, though its ultimate holding of a lack of jurisdiction rested on the petitioner's status as an alien removable as an aggravated felon.  Id. at 4.  In Fustaquio do Nascimento v. Mukasey, 549 F.3d 12 (1st Cir. 2008), this court suggested that it lacked jurisdiction to review a factual determination by the BIA that a petitioner's lack of diligence made her ineligible for equitable tolling, id. at 18-19, but held on the merits that the BIA's factual determination was not an abuse of discretion, id. at 19.  In Ouk v. Mukasey, 551 F.3d 82 (1st Cir. 2008), this court denied review of the alien's petition on purely jurisdictional grounds, reasoning that the BIA had made a factual determination that the alien had not exercised due diligence and was ineligible for equitable tolling.  Id. at 83.

barred second motion to reopen by application of equitable tolling. We review the BIA's decision to grant or deny a motion to reopen for abuse of discretion. Vaz Dos Reis v. Holder, 606 F.3d 1, 3 (1st Cir. 2010). We "uphold the agency's subsidiary findings of fact as long as they are supported by substantial evidence," id., and we "set[] aside a decision only where it rests on an error of law or reflects arbitrary or capricious decisionmaking," Oliveira v. Holder, 568 F.3d 275, 277 (1st Cir. 2009). There was no error of law and the decision was far from arbitrary or capricious.

We assume arguendo, but do not decide, that the time and number limits on motions to reopen are subject to equitable tolling. See Chedid v. Holder, 573 F.3d 33, 37 (1st Cir. 2009) (noting that this issue remains an open question in this circuit). Even if available in this context, equitable tolling "is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." Wallace v. Kato, 549 U.S. 384, 396 (2007); see also Jobe v. INS, 238 F.3d 96, 100 (1st Cir. 2001) (en banc).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland v. Florida, No. 09-5327, 2010 WL 2346549, at *12 (U.S. June 14, 2010); Neverson v. Farquharson, 366

F.3d 32, 42 (1st Cir. 2004).[4]

The equitable tolling doctrine extends statutory deadlines in extraordinary circumstances for parties who were prevented from complying with them through no fault or lack of diligence of their own. See Fustaquio Do Nascimento v. Mukasey, 549 F.3d 12, 18-19 (1st Cir. 2008); Gonzalez v. United States, 284 F.3d 281, 291 (1st Cir. 2002). A party seeking equitable tolling must have diligently pursued his rights for the entire period he seeks tolled, not merely once he discovers the underlying circumstances warranting tolling. See Iavorski v. INS, 232 F.3d 124, 134 (2d Cir. 2000). The BIA could conclude that Neves's failure to exercise due diligence was fatal to his equitable tolling argument.[5] See Chedid, 573 F.3d at 37; see also Vaz Dos Reis, 606 F.3d at 4 n.3.

---

[4] In Jobe, this circuit listed five criteria for equitable tolling, which we consider as factors within the Supreme Court's two-part standard. Those criteria are "(1) a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit." 238 F.3d at 100; see also Dawoud v. Holder, 561 F.3d 31, 36 (1st Cir. 2009).

[5] We need not decide whether the ineffective assistance of counsel Neves alleged here qualified as an extraordinary circumstance. Cf. Holland, 2010 WL 2346549, at *13 (distinguishing between "garden variety claim[s] of excusable neglect," such as a "miscalculation" regarding a filing deadline, and "more serious instances of attorney misconduct"); Rashid v. Mukasey, 533 F.3d 127, 130-31 (2d Cir. 2008) (requiring an alien to show that counsel's performance was so deficient that it violated due process).

Neves argues that the ineffective assistance of his counsel Yerman from 2003 until early June 2006, when Neves discovered Yerman's failure to apprise him of the BIA's 2003 decision, prevented him from timely seeking reopening. Neves says he exercised due diligence thereafter by filing his second motion to reopen on June 30, 2006, within one month of learning of Yerman's deficiency and the BIA's denial of his first motion to reopen.

The BIA did not base its denial of Neves's second motion to reopen on whether Neves had diligently pursued his rights after early June 2006. The BIA found that Neves failed to show that he had diligently pursued his rights before this point, from the date of the BIA's 2003 denial of his first motion to reopen through his discovery of Yerman's ineffective assistance in early June 2006.

Fatally to his claim, Neves did not timely contest the BIA's finding, and so it is waived.[6] The argument is in any event meritless. As the BIA found, neither Neves's affidavits regarding his contacts with Yerman's office, nor Yerman's letter to Neves, provided any specific details about the employee responsible for not notifying Neves or the dates or frequency of Neves's contacts

---

[6] Neves challenges this finding only in his supplemental brief, arguing that the BIA wrongly concluded that no specific evidence supported his assertion of due diligence because it failed to give weight to a sworn affidavit from Yerman, Neves's previous counsel. Neves never made this argument in his original brief, and it is waived.

with Yerman's office regarding the status of his first motion to reopen. Substantial evidence supported the BIA's conclusion that Neves failed to show he exercised reasonable diligence during this period.

We cannot say the BIA abused its discretion in denying equitable tolling under these circumstances. See Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir. 2008) (requiring due diligence during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed"); cf. Holland, 2010 WL 2346549, at *14 (finding reasonable diligence in a habeas case when a habeas petitioner both repeatedly contacted his deficient counsel in the period before the AEDPA deadline elapsed and also prepared his own habeas petition and filed it the day he discovered the deadline had lapsed). We need not reach respondent's alternate argument that Neves had in any event failed to show a prima facie case for readjustment of status.

The petition is denied.