<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1312**

MARVIN ANTONIO OBANDO, a/k/a Marvin Antonio Toledo,

      Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

      Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: December 12, 2014     Decided: December 18, 2014

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Timothy W. Davis, LAW OFFICE OF TIMOTHY W. DAVIS, LLC, Baltimore, Maryland, for Petitioner. Joyce R. Branda, Acting Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Roger Thomas Severino, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Antonio Obando, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's ("IJ") order denying reopening and rescission of the in absentia order of removal. We deny the petition for review.

We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.23(b)(1)(iv) (2014); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006). We will reverse the denial of a motion to reopen only if the denial is "arbitrary, capricious, or contrary to law." Barry, 445 F.3d at 745 (internal quotation marks omitted). Because Obando waited twelve years to file his motion to reopen and rescind, he must show that he is eligible for equitable tolling. See Kuusk v. Holder, 732 F.3d 302, 305 (4th Cir. 2013) (the principles of equitable tolling apply to the time limits for motions to reopen). We conclude that the record does not support the finding that it was "impossible" for Obando to have acted earlier. Id. We further conclude that substantial evidence supports the finding that Obando was not diligent in seeking relief from the removal order. See Neves v. Holder, 613 F.3d 30, 33 (1st Cir. 2010) (whether Petitioner was

2

diligent in seeking relief is reviewed for substantial evidence).

Obando also claims he was denied due process because the Board did not consider his claim that the IJ erred denying sua sponte reopening. We find this claim to be without merit because the Board clearly considered the IJ's decision, albeit in a footnote and without the analysis Obando was hoping for. Also, Obando's contention that the IJ's denial of sua sponte reopening was an error as a matter of law is clearly not supported by the record. Because the decision to deny sua sponte reopening was a matter of discretion, we are without jurisdiction to review it. See Mosere v. Mukasey, 552 F.3d 397, 400-01 (4th Cir. 2009).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

3