# United States Court of Appeals
## For the First Circuit

No. 15-1258

SOHIEL OMAR,

Petitioner,

v.

LORETTA E. LYNCH,[*]
Attorney General of the United States,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Stahl, and Barron,
<u>Circuit Judges</u>.

Linda Kenepaske and Law Offices of Linda Kenepaske, PLLC on brief for petitioner.
Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, Cindy S. Ferrier, Assistant Director, and Lindsay M. Murphy, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, on brief for respondent.

February 25, 2016

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr., as the respondent.

**BARRON**, **Circuit Judge**.  Sohiel Omar is a native and citizen of Pakistan.  He was ordered removed more than a decade ago, and he appealed that order to the Board of Immigration Appeals ("BIA") in a timely manner.  After that appeal failed, he then filed a timely motion to reconsider, but the BIA rejected that motion as well.  More than a decade later, Omar filed a second motion to reconsider.  That motion, too, was denied.  He now petitions for review of the BIA's denial of his second motion to reconsider.  We deny the petition for review.

## I.

We begin by recounting the somewhat lengthy procedural history that led to the BIA's ruling that is at issue here.  On January 26, 1998, the former Immigration and Naturalization Service charged Omar with removability based on a set of 1994 convictions that rendered him an aggravated felon.

At his removal hearing, Omar sought relief under § 212(c) of the Immigration and Nationality Act of 1952, Pub. L. No. 82-414, 66 Stat. 163, 187, as amended by Immigration Act of 1990, § 511(a), Pub. L. No. 101-649, 104 Stat. 4978, 5052, as amended by Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, § 306(a)(10), Pub. L. No. 102-232, 105 Stat. 1733, 1751.  Under that provision, the Attorney General had relatively broad discretion to grant relief to aliens otherwise deemed inadmissible or removable if they had established a lawful,

unrelinquished domicile in the United States of seven consecutive years. Id.

The Immigration Judge ("IJ") rejected Omar's request for § 212(c) relief on August 26, 2002. The IJ ruled that the passage of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), § 304(b), Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-597, in September 1996 barred Omar from obtaining such relief, notwithstanding that Omar's 1994 convictions pre-dated the IIRIRA's enactment.

The IJ reasoned that the IIRIRA applied retroactively to Omar based on the IJ's interpretation of the Supreme Court's decision in I.N.S. v. St. Cyr, 533 U.S. 289 (2001). There, the Supreme Court held that the provision of the IIRIRA that eliminated § 212(c) relief did not apply retroactively to aliens who, in reliance on the availability of § 212(c) relief, pleaded guilty (or nolo contendere) to offenses with admissibility or removability consequences prior to September 30, 1996. But the IJ concluded that because Omar's convictions resulted from a trial -- rather than a plea -- the IIRIRA did, consistent with St. Cyr, apply retroactively to bar Omar from seeking § 212(c) relief.

Omar timely appealed that ruling to the BIA. He argued, among other things, that the IJ had misconstrued St. Cyr by not extending it to apply to convictions rendered after trial. The

- 3 -

BIA rejected that argument and affirmed the IJ's decision without opinion in a per curiam order dated January 30, 2003.

Following the BIA's ruling, Omar was removed from the United States to Ireland on or about February 14, 2003. On February 27, 2003, Omar filed a timely motion for reconsideration of the BIA's denial of his appeal.

In his motion to reconsider, Omar reasserted his right to § 212(c) relief on the basis of St. Cyr. On March 31, 2003, the BIA denied the motion. The BIA did so summarily, stating that "it had considered [Omar's] arguments" and "f[ound] no reason to disturb [its prior] decision." Omar does not appear to have petitioned this Court for review of either the BIA's denial of his appeal or of the BIA's denial of his first motion to reconsider.

More than a decade later, however, on August 7, 2014, Omar filed a second motion to reconsider the BIA's January 2003 removal order. Omar based this second motion to reconsider on the BIA's decision in Matter of Abdelghany, 26 I. & N. Dec. 254 (BIA 2014).

There, the BIA held -- relying in part on intervening precedent applying St. Cyr -- that § 212(c) relief was available to aliens convicted after trial. See id. at 268 ("[W]e are convinced that Supreme Court and emerging circuit court precedent has superseded the regulatory prohibition against granting section 212(c) relief under St. Cyr to aliens convicted after trial.").

- 4 -

Abdelghany instructed immigration judges going forward to "treat deportable lawful permanent residents convicted after trial no differently for purposes of section 212(c) eligibility than deportable lawful permanent residents convicted by means of plea agreements."  Id.

Notwithstanding Abdelghany, the BIA rejected Omar's second motion to reconsider.  The BIA did so on the grounds that his motion was time- and number-barred under 8 U.S.C. § 1229a(c)(5)(B), Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-593 (1996), and that Omar had failed to show that equitable tolling of the time and number bars was warranted.  See Neves v. Holder, 613 F.3d 30, 36 (1st Cir. 2010) (per curiam) ("The equitable tolling doctrine extends statutory deadlines in extraordinary circumstances for parties who were prevented from complying with them through no fault or lack of diligence of their own.").  Specifically, the BIA held that a change in the law favorable to petitioner that "occurr[ed] long after the expiration of [petitioner's] filing deadline d[id] not constitute extraordinary circumstances justifying equitable tolling."

Omar now seeks review of the BIA's decision.

## II.

We review the BIA's denial of a motion to reconsider for abuse of discretion, assuming without deciding that equitable tolling is available in this context.  See Barrios v. Gonzales,

- 5 -

136 F. App'x 934, 937 (7th Cir. 2005) (unpublished) (declining to decide whether motions to reconsider, as distinct from motions to reopen, are subject to equitable tolling); cf. Mata v. Lynch, 135 S. Ct. 2150, 2155 n.3 (2015); Neves, 613 F.3d at 36 (assuming without deciding that the time and number limits applicable to motions to reopen are subject to equitable tolling). A denial of a motion to reconsider is an abuse of discretion "only when the 'denial was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Bolieiro v. Holder, 731 F.3d 32, 36 (1st Cir. 2013) (quoting Martinez-Lopez v. Holder, 704 F.3d 169, 172 (1st Cir. 2013)). To prevail on a theory of equitable tolling, an individual must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Neves, 613 F.3d at 36.[1]

---

[1] We follow the BIA and the parties in applying the equitable tolling framework to assess not only whether Omar's second motion to reconsider is time-barred but also whether it is number-barred. We question, however, whether equitable tolling is the appropriate framework for analyzing whether a second motion to reconsider may be considered, as there is no clock to toll with a number bar. See 8 U.S.C. § 1229a(c)(6)(A). Accordingly, different considerations might bear on the question whether an equitable exception should be recognized to a limitation on the number of filings an alien may make than would bear on the question whether a deadline for making a filing should be equitably tolled. Cf. compare 28 U.S.C. § 2255(h) (setting forth standards for allowing a "second or successive" federal petition for writ of habeas corpus), with Holland v. Florida, 560 U.S. 631, 645, 649 (2010) (setting forth equitable tolling standard for late-filed habeas petitions).

Omar contends that the BIA erred in concluding that the circumstances of his case were not sufficiently extraordinary to warrant an equitable exception to the time and number bars applicable to Omar's motion. And Omar appears to do so by arguing that the following circumstances, in combination, make his case an "extraordinary" one: (1) he was effectively denied the opportunity to file his first motion to reconsider because his removal from the United States triggered what is known as the "departure bar," which putatively stripped the BIA of jurisdiction to consider that motion at the time that he filed it;[2] (2) the BIA denied his legal argument for § 212(c) relief only via summary rulings; and (3) his legal argument was ultimately embraced by the BIA in its subsequent decision in Abdelghany.

We do not agree. In concluding that Omar did not overcome the time and number bars that Omar concedes would otherwise apply, the BIA did not abuse its discretion.

First, while Omar suggests that it is inappropriate to count his first motion to reconsider for number-bar purposes given the applicability of the departure bar, the record indicates that the BIA denied Omar's initial motion to reconsider on the merits

---

[2] See 8 C.F.R. § 1003.2(d); Matter of Armendarez-Mendez, 24 I. & N. Dec. 646, 660 (BIA 2008) (affirming the continued validity of the departure bar). But see Santana v. Holder, 731 F.3d 50, 61 (1st Cir. 2013) (overruling Armendarez-Mendez to the extent that it interferes with an alien's statutory right to seek reopening of a final order of removal).

rather than on departure bar grounds. But, in any event, Omar did not argue to the BIA in his second motion to reconsider that it was really his first such motion due to the departure bar. Nor did he argue that the potential application of the departure bar to his first motion constitutes an extraordinary circumstance that should enable him to bring this motion years after the initial one was denied. As a result, Omar's "departure bar"-based argument for finding, on equitable tolling grounds, his second motion to reconsider not to be time- or number-barred is not properly before us. See Silva v. Gonzales, 463 F.3d 68, 72 (1st Cir. 2006) ("Under the exhaustion of remedies doctrine, theories insufficiently developed before the BIA may not be raised before this court.").[3]

Second, the fact that the BIA denied Omar's legal arguments through summary means is not itself "extraordinary." The BIA did address Omar's original appeal claim through its "affirmance without opinion" procedure, but that procedure is a permissible one. See 8 C.F.R. 1003.1(e)(4); Albathani v. I.N.S., 318 F.3d 365, 377-80 (1st Cir. 2003) (holding that the BIA's affirmance without opinion procedure does not violate principles of due process or administrative law).

---

[3] Omar also argues that he was deprived of due process because he was denied an opportunity for reconsideration on account of the departure bar. But that issue, too, is not properly before us, as Omar failed to raise it before the BIA. See Silva, 463 F.3d at 72.

Finally, we are not persuaded by Omar's contention that because the BIA did eventually adopt the position underlying his legal claim regarding the availability of § 212(c) relief that he had unsuccessfully presented to the IJ in 2002 and to the BIA in 2003, he should be able to present that claim again now. The BIA concluded that its forward-looking re-interpretation of the IIRIRA in Abdelghany -- based on what the BIA termed "emerging" precedent -- did not constitute the kind of extraordinary circumstance that would warrant allowing Omar to file a motion to reconsider eleven years after the time for filing had passed. In light of the BIA's interest in finality, we find no abuse of discretion in that ruling here. Cf. Muyubisnay-Cungachi v. Holder, 734 F.3d 66, 71 (1st Cir. 2013) (noting that motions to reopen immigration proceedings "are disfavored as contrary to 'the compelling public interests in finality and the expeditious processing of proceedings'" (citation omitted)); Whiteside v. United States, 775 F.3d 180, 186-87 (4th Cir. 2014) (noting in the habeas context that the interest in finality militates against construing changes in law as extraordinary for equitable tolling purposes).[4]

---

[4] We note that in denying Omar's second motion to reconsider, the BIA expressly declined to reconsider Omar's case sua sponte. That discretionary decision, however, is one that we have no jurisdiction to review. See Charuc v. Holder, 737 F.3d 113, 115 (1st Cir. 2013).

**III.**

The petition for review of the BIA's denial of Omar's second motion to reconsider is **DENIED**.