# United States Court of Appeals
## For the First Circuit

No. 18-1138

JOSE ALBERTO MEDINA,

Petitioner,

v.

MATTHEW G. WHITAKER,
ACTING ATTORNEY GENERAL,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, Stahl, and Kayatta,
Circuit Judges.

Randy Olen on brief for petitioner.
Virginia L. Gordon, Trial Attorney, Civil Division, U.S. Department of Justice, Joseph H. Hunt, Assistant Attorney General, Civil Division, and Leslie McKay, Senior Litigation Counsel, Office of Immigration Litigation, on brief for respondent.

January 22, 2019

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Acting Attorney General Matthew G. Whitaker has been substituted for former Attorney General Jefferson B. Sessions, III as the respondent.

**STAHL**, **Circuit Judge**.  Petitioner Jose Alberto Medina ("Medina"), a native and citizen of Guatemala, appeals an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen his immigration proceedings as untimely.  Medina concedes that the motion, which was filed nearly five years after the BIA ordered his removal, fell outside the 90-day limitations period set forth by statute and regulation.  See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  However, he asks this court to find that the BIA abused its discretion in rejecting his equitable tolling argument which was meant to render his motion timely.  For the following reasons, we deny the petition.

## I.    Factual and Procedural Background

Medina entered the United States near San Ysidro, California, on February 5, 1993.  In the summer of 1993, he filed an application for asylum with the Immigration and Naturalization Service ("INS").[1]

On May 23, 2007,[2] INS began removal proceedings against Medina.  In his written pleadings, Medina stated that he was seeking asylum, withholding of removal, and relief under the

---

[1] "The INS's enforcement functions have since been transferred to the Department of Homeland Security (DHS) . . . ."  Chedid v. Holder, 573 F.3d 33, 34 n.1 (1st Cir. 2009).

[2] The record does not explain why no action was taken for fourteen years until April 10, 2007, when Medina was interviewed by an INS agent.

Convention Against Torture ("CAT"). In the alternative, he sought voluntary departure. He appeared with his first counsel, Lidia Sanchez ("Sanchez"), before an Immigration Judge ("IJ") at a hearing on October 10, 2007.[3] At the hearing, counsel stated that Medina sought asylum and withholding of removal, and in the alternative, cancellation of removal, but expressly disavowed any claim for relief under the CAT. The IJ then continued the hearing to July 7, 2008.

Because of multiple continuances, the hearing did not resume until June 16, 2011. On that date, Sanchez represented that Medina conceded removability but still sought cancellation of removal or, in the alternative, voluntary departure. Counsel further stated that Medina wished to withdraw his applications for asylum and withholding of removal. The IJ asked counsel to affirm that Medina understood that his withdrawal of those applications would be with prejudice, and she affirmed that he did so understand. Thereafter, Medina provided oral testimony, the content of which is not relevant for resolving this appeal. No other witnesses testified at the hearing.

---

[3] The hearing was initially scheduled for October 3, 2007. However, the IJ postponed it one week because the parties had waited an hour-and-a-half for his counsel to arrive, and the "[IJ] ha[d] too many cases on [that day] to wait for [Medina's] attorney."

On October 6, 2011, the IJ denied Medina's application for cancellation of removal but granted a 60-day voluntary departure period. In short, the IJ found that Medina had failed to corroborate his credible testimony and failed to demonstrate that his removal would cause "exceptional and extremely unusual hardship," as required to obtain cancellation of removal, for him and his family, including two daughters who were U.S. citizens.

On November 4, 2011, with the assistance of a new attorney, Medina filed a notice of appeal with the BIA. In a brief dated March 7, 2012, Medina raised several claims, arguing that he was unprepared for his prior hearing, that the IJ failed to provide him an opportunity to show that corroborating evidence could not be reasonably obtained, and that his first counsel's decision to withdraw his asylum claim was "suspect."

The BIA dismissed the appeal on October 23, 2012, finding that Medina failed to meet his burden of "demonstrat[ing] eligibility for cancellation of removal." Because the 60-day period for voluntary departure provided by the IJ had passed, the BIA ordered Medina removed from the United States. Despite the removal order, however, it appears that Medina neither left the United States nor sought judicial review of the removal order.

On August 21, 2017, with the assistance of his third (and current) counsel, Medina filed a motion to reopen his removal proceedings with the BIA. In his brief, he alleged that Sanchez

rendered ineffective assistance when she withdrew his applications for asylum, withholding of removal, and protection under the CAT. He theorized that this was because she had been unprepared to "prosecute" his claims. He further represented that he had complied with the requirements of Matter of Lozada, 19 I&N Dec. 637 (BIA 1988) for filing a motion to motion to reopen.[4] On that basis, Medina sought to reopen his removal proceedings, or alternatively, equitably toll the 90-day limitations period for filing a motion to reopen. In response, Sanchez submitted an affidavit refuting Medina's allegations.

On January 26, 2018, the BIA denied the motion to reopen as untimely. See 8 C.F.R. § 1003.2(c)(2). It noted that Medina had waited for nearly five years after the BIA originally ordered him removed before filing the motion. In addition, the BIA stated

---

[4] "Under Lozada, a valid motion to reopen based on ineffective assistance of counsel must be supported by:

> (1) an affidavit explaining the petitioner's agreement with counsel regarding legal representation; (2) evidence that counsel has been informed of the allegations of ineffective assistance and has had an opportunity to respond; and (3) if it is asserted that counsel's handling of the case involved a violation of ethical or legal responsibilities, a complaint against the attorney filed with disciplinary authorities or, in the alternative, an explanation for why such a complaint has not been filed."

García v. Lynch, 821 F.3d 178, 180 n.2 (1st Cir. 2016).

that Medina had not demonstrated that he "pursued his ineffective assistance of counsel claim with the requisite due diligence[,]" and thus the 90-day limitations period for filing such a motion would not be equitably tolled.  The BIA further declined to exercise its discretionary authority to reopen Medina's proceedings sua sponte.  This petition for judicial review followed.[5]

## II.  Analysis

"Because a motion to reopen removal proceedings is a disfavored tool, given the threat it poses to finality, the BIA has a fair amount of latitude to grant or deny the motion and our review is for abuse of discretion only."  Mazariegos v. Lynch, 790 F.3d 280, 285 (1st Cir. 2015) (citing Perez v. Holder, 740 F.3d 57, 61 (1st Cir. 2014)).  To prevail, the petitioner must show that the "BIA committed an error of law or exercised its judgment in an arbitrary, capricious, or irrational way."  Id. (quoting Raza v. Gonzales, 484 F.3d 125, 127 (1st Cir. 2007)) (internal quotation marks omitted).

A motion to reopen "shall be filed within 90 days of the date of entry of a final administrative order of removal."  8

---

[5] In his brief, Medina does not seek review of the BIA's October 23, 2012 order dismissing his appeal of the IJ's decision. Nor does he challenge the BIA's decision not to reopen his proceedings sua sponte.  Accordingly, our review is limited to the BIA's January 26, 2018 denial of Medina's request for equitable tolling.  See Ouk v. Keisler, 505 F.3d 63, 66 n.3 (1st Cir. 2007).

- 6 -

U.S.C. § 1229a(c)(7)(C)(i); see also 8 C.F.R § 1003.2(c)(2). The question of whether equitable tolling applies to motions to reopen remains "an open question in the First Circuit." Pineda v. Whitaker, 908 F.3d 836, 841 (1st Cir. 2018) (citing Xue Su Wang v. Holder, 750 F.3d 87, 90 (1st Cir. 2014)).

We need not resolve that question today, however, because "even assuming equitable tolling were available, we could only reach the merits . . . if the Board abused its discretion in finding that [petitioner] had not exercised the 'due diligence' required by our case law." Chedid v. Holder, 573 F.3d 33, 37 (1st Cir. 2009); see also Pineda, 908 F.3d at 841. We have also held that "even if equitable tolling were available . . . the doctrine should be 'sparingly invoked[.]'" Chedid, 573 F.3d at 37 (quoting Jobe v. INS, 238 F.3d 96, 100 (1st Cir. 2001) (en banc)).

"For equitable tolling to apply, a party must establish '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Xue Su Wang, 750 F.3d at 90 (quoting Neves v. Holder, 613 F.3d 30, 36 (1st Cir. 2010) (per curiam)). Furthermore, the party "must have diligently pursued his rights for the entire period he seeks tolled, not merely once he discovers the underlying circumstance warranting tolling." Neves, 613 F.3d at 36.

Here, Medina provided the BIA no evidence that he continuously pursued his rights. The administrative record only

shows that Medina filed an affidavit dated March 8, 2016, stating "[f]or the past 3 years, I have stayed in touch with my attorneys." This hardly constitutes the "specific details" we have required.[6] Id. at 37.

In addition, his affidavit only covers the period between March 2013 and March 2016. This leaves another 21 months unaccounted for, including the period from October 2012, when the BIA dismissed his appeal, to March 2013, and the period from March 2016 to August 2017, when Medina filed the motion to reopen. See Jobe, 238 F.3d at 100 n.8 (noting that petitioner must fill in any gaps in the timeline). Therefore, the BIA cannot be said to have abused its discretion in declining to apply equitable tolling. Pineda, 908 F.3d at 842.

In his brief, Medina also suggests that he was unaware of his ineffective assistance of counsel claim until his present counsel reviewed his case. However, that contention does not

---

[6] Medina also relies on two out-of-circuit cases in support of his equitable tolling argument. This reliance is misplaced. In Avagyan v. Holder, the Ninth Circuit held that the petitioner had diligently pursued relief when she filed a motion to reopen within 90 days of learning of her prior counsel's incorrect advice. 646 F.3d 672, 682 (9th Cir. 2011). Similarly, in Gordillo v. Holder, the Sixth Circuit held that the petitioners had diligently pursued relief because they had given up their claims only after being repeatedly told by multiple lawyers that they did not have any rights. 640 F.3d 700, 705 (6th Cir. 2011). By contrast, in this case Medina fails to explain his five-year delay before filing the motion to reopen, let alone provide the "specific details" required by this circuit. See Neves, 613 F.3d at 37.

- 8 -

comport with the record. For example, there is evidence that Medina was on notice of a potential ineffective assistance of counsel claim from as early as March 2012, five years before filing the motion to reopen. At that time, his then-counsel wrote in a brief to the BIA that "the withdrawal of the asylum application is suspect in that [first counsel] indicated [initially] that she was proceeding on the [asylum] application and then, <u>without</u> consultation . . . withdr[e]w the [asylum] application with prejudice." And, by Medina's own admission, the latest he became aware of the potential claim was March 8, 2016, when he signed the affidavit claiming that Sanchez's assistance was defective. But, Medina fails to explain why he took no action seeking relief until August 2017, fifteen months later.

Thus, even assuming equitable tolling could apply to motions to reopen, Medina fails to show that he acted with the diligence required to obtain such relief. Accordingly, the BIA did not abuse its discretion in denying his motion to reopen.

**III. Conclusion**

For the foregoing reasons, the petition for review is DENIED.